UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY E. WILSON,

                Plaintiff,                        Case Number 08-11925
                                                        Honorable David M. Lawson
v.                                               Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND AFFIRMING THE COMMISSIONER**

The plaintiff filed the present action on May 7, 2008 seeking review of the Commissioner's decision denying the plaintiff's claim for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under XVI of the Social Security Act. The case was referred to United States Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and the defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Majzoub filed a report on June 4, 2009 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the decision of the Commissioner affirmed. The plaintiff filed timely objections to the recommendation. This matter is now before the Court for *de novo* review.

The Court has reviewed the file, the report and recommendation and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

Review of the decision of the administrative law judge (ALJ) is complicated somewhat by the fact that the ALJ appears to have applied the incorrect law at the beginning of his opinion. The plaintiff had filed a prior application for DIB, which was denied after an administrative hearing on October 25, 2002. The plaintiff's present applications allege an onset date of October 26, 2002. The ALJ makes reference in his decision to a Ninth Circuit case, *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), which holds that a "claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability." *Id.* at 693. *Chavez* is not the law in the Sixth Circuit, and the Secretary has disavowed the notion that a prior ruling creates a presumption of nondisability in cases alleging entitlement to benefits for an unadjudicated period, such as this one. *See* Acquiescence Ruling 97-4(9), 1997 WL 742758, at *2 (Dec. 3, 1999). In the Sixth Circuit, the burden falls on the Commissioner to prove that a claimant has a *greater* residual functional capacity (RFC) than that determined by an ALJ at a prior hearing. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997).

Perhaps due to the ALJ's legal error, the plaintiff has devoted some effort to establishing that the plaintiff's medical condition has deteriorated or worsened since October 25, 2002. That really does not matter here. Because the plaintiff alleges disability for an unadjudicated period, he must prove that he meets the definition of disability set forth in 42 U.S.C. § 423(d)(1)(A) & (B), and 42 U.S.C. § 1382c(a)(3)(A) & (B). Under those statutes, a person is disabled if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment," 42 U.S.C. § 1382c(a)(3)(A), and the impairment is so severe that the person "is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful activity which exists in the national economy," 42 U.S.C. § 1382c(a)(3)(B).  Further, a physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(1)(C), 1382c(a)(3)(D).

The ALJ determined that the plaintiff was not disabled within the meaning of these statutes, and the magistrate judge suggested that the ALJ's decision is supported by substantial evidence in the record.  In his objections, the plaintiff objects to the magistrate judge's conclusion that his condition had not worsened since October 25, 2002.  He relies on reports from Dr. E. Montasir and diagnostic tests that demonstrate that the plaintiff suffered from peripheral neuropathy and severe peripheral vascular disease. Next, the plaintiff objects to the conclusion that the plaintiff's mental impairments adequately were taken into account by the ALJ.  The plaintiff contends that his impairment of concentration, persistence, and pace should have limited him from performing some of the jobs cited by the vocational expert.  Next, the plaintiff argues that the ALJ erred by failing to include depression-related symptoms, such as a restriction in ability to interact appropriately with the public, with supervisors, and with co-workers, in the hypothetical question posed to the vocational expert.  The plaintiff contends that these omissions undermined the ALJ's RFC finding, and in turn they invalidated the hypothetical question posed to the vocational expert

The plaintiff, who is currently forty-nine years old, applied for DIB and SSI on May 18, 2004 alleging an onset date of October 26, 2002.  He has a high school education and has been employed as a laborer, a cook, and a cashier.  Since 1999, the plaintiff has not worked for longer than six months; he had worked part-time sporadically as a cashier for his sister and as a cook in early 2006.

The plaintiff claims that his medical condition has deteriorated since his original application was denied in October 2002, and that he is now disabled.

The plaintiff's latest application for disability insurance benefits was denied initially. The plaintiff made a timely request for an administrative hearing. An administrative hearing was held in Detroit, Michigan on October 6, 2006. The plaintiff attended with his attorney and witnesses, but the presiding officer, ALJ John W. Belcher, did not personally attend. Instead, ALJ Belcher participated via video hookup from California. The hearing was continued on March 15, 2007, after two additional examinations were conducted. ALJ Belcher filed a decision on June 8, 2007, in which he found the plaintiff was not disabled. The ALJ reached that conclusion by applying the necessary portions of the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520.

The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since October 26, 2002, the alleged onset date (step one); the plaintiff suffers from type II diabetes mellitus, hypertension with end organ damage including cardiomegaly, a disorder of the cervical spine, bilateral rotator cuff tear with surgical intervention, mild obesity, and depression, which are severe within the meaning of the Social Security Act, as well as non-severe conditions including glaucoma, bronchitis, and a history of marijuana use (step two); the impairments alone or in combination do not meet or equal a listing in the regulations (step three); and he cannot perform relevant past work, which was found to be unskilled and semi-skilled and required light to heavy exertion (step four).

Applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a limited range of sedentary work. The ALJ found that the plaintiff was able

to lift, carry, push and pull a maximum of five pounds, stand and walk for two hours, and sit for eight hours, provided he is able to change positions at will. The plaintiff can occasionally balance and crawl, but he cannot kneel, crouch, or work above chest level with either upper extremity. He must avoid concentrated exposure to humidity and dust above that found at ground level, avoid vibrating, impact torque, or power tools, and must not work with dangerous or fast machinery or at unprotected heights. He can work in a relatively habituated work setting that does not involve high production, high quota work, or assembly line work, but he cannot perform safety operations, he should not have intense interpersonal contact with co-workers and supervisors, and he can have limited public contact. A vocational expert testified that two jobs fit within these limitations: sorter and bench assembler; and those jobs existed in significant numbers in the national economy. Based on that finding and using Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.28 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on January 8, 2008.

The plaintiff points to evidence in the record that contradicts the ALJ's findings concerning the plaintiff's credibility, the severity of the plaintiff's peripheral neuropathy, the extent of the plaintiff's mental impairment, and the plaintiff's RFC. However, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *see also Lashley v. Sec'y of Health & Human Servs.,* 708 F.2d 1048, 1053 (6th Cir. 1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper

-5-

legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir. 1997). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence in the record exists. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). Therefore, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.,* 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotes and citations omitted).

When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Instead, the Court must uphold "the ALJ's decision if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir.2001 (citation omitted)). "The substantial evidence standard is less exacting than the preponderance of evidence standard." *Ibid.* (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996). If the ALJ's decision is supported by substantial evidence, reversal would not be warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

-6-

The magistrate judge has discussed the evidence in detail in her thorough report, and further discussion here is not necessary.  The magistrate judge points out that the record contains evidence that supports the ALJ's determination that the plaintiff is not disabled, and the plaintiff has not suggested that any of that evidence should be disregarded.  After giving fresh review to the administrative record, the Court agrees with the magistrate judge that substantial evidence supports the ALJ's determination of the plaintiff's exertional and mental limitations, which are incorporated adequately into the ALJ's RFC determination.  Irrespective of whether the plaintiff's condition worsened since October 2002, the record supports the finding that the plaintiff can perform the severely limited range of sedentary work circumscribed by the ALJ's limitations.

The plaintiff has objected to the basis of the evidence offered at the administrative hearing on the plaintiff's ability to undertake certain work, claiming that in determining that the plaintiff had the residual functional capacity to do sedentary work, the ALJ failed to account for the plaintiff's inability to perform production work at an acceptable pace.  Consequently, the plaintiff claims, the ALJ failed to pose a proper hypothetical question to the vocational expert.  The plaintiff contends, therefore, that the hypothetical question posed does not reflect the evidence in the whole record, and the vocational expert's answer cannot constitute substantial evidence that supports the defendant's step-five burden.

It is well established that assessment of residual functional capacity for work must be made only after all of a claimant's limitations have been taken into account.  20 C.F.R. § 416.945. Further, a hypothetical question posed to a vocational expert must include a "complete assessment of [the claimant's] physical and mental state and should include an accurate portrayal of her individual physical and mental impairments." *Howard v. v. Comm'r of Soc. Sec.,* 276 F.3d 235, 239

-7-

(6th Cir. 2002) (internal quotes and alterations omitted) (quoting *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987)).

However, the rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts. In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 24] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #16] is **DENIED** and the defendant's motion for summary judgment [dkt. #22] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED**.

<div style="margin-left:40%;">

s/David M. Lawson

DAVID M. LAWSON
United States District Judge

</div>

-8-

Dated:   September 30, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2009.

s/Lisa M. Ware
LISA M. WARE